# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br><br>　　　　　Plaintiff<br><br>v.<br><br>MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER<br><br>P.O. Box 225<br>Manchester, Massachusetts 01944<br><br>　　　　　Defendant | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, by and through its attorneys, Patrick Loftus, III, Esquire of the Law Offices of Patrick Loftus, III and Peter G. Rossi of Cozen O'Connor, complain of the defendant, Manchester Electric, LLC a/k/a Manchester Electric Company, herein, and allege upon information and belief as follows:

### PARTIES

1.　Plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, (hereinafter referred to as "Great Northern"), is a subsidiary of Federal Insurance Company, Inc. of Warren, New Jersey, with its principal place of business located at 100 S. 5th Street, Suite 1800, Minneapolis, Minnesota and, at all times relevant hereto, was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2.      Defendant, Manchester Electric, LLC a/k/a Manchester Electric Company, (hereinafter referred to as "Manchester"), is a company duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 67 Lincoln Street, Manchester, Massachusetts, and, at all times relevant hereto, was engaged in the business of installing, inspecting and repairing residential electrical circuitry and related wiring.

## JURISDICTION

3.      Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1332, by reason of diversity of citizenship of the parties.

4.      This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 and venue is proper in the United States District Court for the District of Massachusetts pursuant to the provisions of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5.      Prior to October 16, 2002, defendant, Manchester, entered into a contract with Dr. Fritz Bach, (hereinafter referred to as "Bach"), to conduct *inter alia,* a full inspection of the electrical system including an exterior electrical junction box at the property located at 6-8 Blossom Lane, Manchester-By-The-Sea, Massachusetts (hereinafter referred to as the "Subject Premises") which was at all times material hereto owned by Bach.

6.      Manchester agreed to complete the electrical inspection and ensure that the existing electrical circuitry and related wiring complied with all local codes, industry standards and requirements and was safe.

7. On or about October 16, 2002, a fire (hereinafter referred to as the "Subject Fire") occurred at the Subject Premises as a result of an electrical failure in an exterior electrical junction box and related service wiring which spread from the area of the junction box to other portions of the property.

8. As a direct and proximate result of the subject fire, Bach suffered severe and extensive damage to his real and personal property in an amount in excess of $589,000.00.

9. At all times relevant hereto, Great Northern insured Bach's real and personal property pursuant to policy number 11076658-01.

10. As a result of the subject fire, Great Northern made payments to Bach in excess of $589,000.00.

11. As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Great Northern is subrogated to the rights, causes of action and claims of Bach against Manchester as alleged herein.

### COUNT I – NEGLIGENCE
### PLAINTIFF v MANCHESTER ELECTRIC

12. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through eleven (11) as though each were fully set forth at length herein.

13. The fire and resultant damages sustained by Bach, as referred to above, were caused by the negligence, carelessness, recklessness and negligent acts and/or omissions of defendant, Manchester, its agents, servants, and/or employees acting within the scope of their employment as set forth below:

    a.    failing to inspect properly the electrical systems at the Subject Property which, if properly inspected, would have revealed a dangerous and hazardous condition;

  b. improperly inspecting the exterior electrical service junction box and related wiring at the subject premises, which defendant knew or should have known created an unreasonable risk of harm to Bach's property;

  c. failing to repair the exterior electrical service box and related wiring at the subject premises.

  d. violating codes, standards and industry requirements for the inspection of electrical systems and related wiring at the subject premises;

  e. advising Bach that the electrical systems at the Subject Property was safe and in compliance with all applicable codes and standards;

  f. failing to advise and warn Bach of the deteriorated condition of the electrical service junction box and related wiring;

  g. conducting its inspections in a negligent and careless manner;

  h. failing to hire, train and supervise qualified personnel to inspect and test the electrical systems at the subject premises including, but not limited to, the exterior electrical service junction box and related wiring;

  i. otherwise failing to use due care and skill under the circumstances in ways that may be further disclosed during the course of discovery.

14. As a direct and proximate result of Manchester's negligence, the subject fire referred to above occurred and spread, resulting in damage and destruction to Bach's real and personal property, in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

## COUNT II – BREACH OF CONTRACT
## PLAINTIFF v. MANCHESTER ELECTRIC

15. Plaintiffs incorporate by reference the allegations contained in paragraphs one (1) through fourteen (14) above as though each were fully set forth at length herein.

16. At all times relevant hereto, Bach entered into a agreement with Manchester to inspect the electrical systems and related wiring at the Subject Premises and insure that they were safe and in compliance with codes and standards.

17. Manchester agreed, *inter alia*, to perform the electrical inspection in a workmanlike, reasonable and proper manner in accordance with safe methods and practices recognized by the industry.

18. Upon information and belief, Manchester breached its obligations by failing to perform the electrical inspection properly and in accordance with all applicable codes, standards and other industry guidelines or in a workmanlike manner in accordance with its obligation.

19. Upon information and belief, Manchester breached its obligations by advising Bach that the electrical systems at the Subject Premises were safe and complied with applicable codes and standards.

20. As a direct and proximate result of Manchester's breach of contract, the subject fire resulted in damage to Bach's real and personal property, in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

## COUNT III - BREACH OF EXPRESSED AND IMPLIED WARRANTIES
## PLAINTIFF v. MANCHESTER

21. Plaintiff hereby incorporates by reference the averments of paragraphs one (1) through twenty (20) above, as though fully set forth herein.

22. Defendant Manchester expressly and impliedly warranted to Bach that the subject inspection would be performed and conducted in a professional, safe and workmanlike manner and in accordance with all applicable rules, regulations, ordinances, codes, statutes, and/or industry standards.

23. Manchester warranted that the electrical systems at the Subject Premises were safe and in compliance with the requisite codes and standards.

24. Defendant Manchester breached its expressed and implied warranties by failing to perform the subject inspection in a professional, safe and workmanlike fashion and advising

Bach that the electrical systems at the Subject Premises were safe and in compliance with codes and standards..

25. As a direct and proximate result of the foregoing breach of expressed and implied warranties, Bach sustained damage to his real and personal property in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

WHEREFORE, plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, demands that judgment be entered in its favor and against defendant, Manchester Electric, LLC a/k/a Manchester Electric Company, for a just and adequate compensation for its damages together with interest, attorney's fees, and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

LAW OFFICES OF PATRICK LOFTUS, III

BY: _____
PATRICK LOFTUS, III, ESQUIRE
9 Park Street, Suite 500
Boston, MA 02108
(616) 723-7770

OF COUNSEL:

PETER G. ROSSI, ESQUIRE
COZEN O'CONNOR
1900 Market Street
The Atrium
Philadelphia, PA 19103
(215) 665-4734
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) GREAT NORTHERN INSURANCE COMPANY a/s/o DR. FRITZ BACH v. MANCHESTER ELECTRIC, LLC

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    _X_  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? n/a
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? n/a

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES ___ No ___ OR IN THE WESTERN SECTION (BERKSHIRE FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES ___ No ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___ No ___ (a) .. IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? North East

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ N/A OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME PATRICK J. LOFTUS, III
ADDRESS 9 PARK STREET, SUITE 500  BOSTON, MA 02108
TELEPHONE NO. 617-723-7770

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
GREAT NORTHERN INSURANCE COMPANY
a/s/o DR. FRITZ BACH

**DEFENDANTS**
MANCHESTER ELECTRIC, LLC
a/k/a MANCHESTER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PATRICK J. LOFTUS, III
LAW OFFICES OF PATRICK J. LOFTUS, III
9 PARK STREET SUITE 500
BOSTON, MA 02108   617 723 7770

ATTORNEYS (IF KNOWN)

05 10113 JLT

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332(a)(1)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | LABOR | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
Patrick J. Loftus 04

UNITED STATES DISTRICT COURT