UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10113 JLT

|  |  |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br>          Plaintiff,<br><br>v.<br><br>MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER<br>P.O. Box 225<br>Manchester, Massachusetts 01944<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER AND JURY DEMAND OF THE DEFENDANT, MANCHESTER ELECTRIC, LLC, TO THE PLAINTIFF'S COMPLAINT

#### FIRST AFFIRMATIVE DEFENSE

The Defendant, Manchester Electric, LLC, hereby submits its Answer and Jury Demand to the Plaintiff's Complaint.

#### PARTIES

1. The Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendant denies the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

#### JURISDICTION

3. The Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

## GENERAL ALLEGATIONS

5. The Defendant denies the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant denies the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant denies the allegations contained in Paragraph 7 of the Plaintiff's Complaint, as phrased.

8. The Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. The Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. The Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

## COUNT I – NEGLIGENCE
## PLAINTIFF v MANCHESTER ELECTRIC

12. The Defendant hereby restates and incorporates herein by reference its responses to Paragraphs 1–11 of the Plaintiff's Complaint, as if fully set forth herein.

13. The Defendant denies the allegations contained in Paragraph 13(a-i) of the Plaintiff's Complaint.

14. The Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

## COUNT II – BREACH OF CONTRACT
## PLAINTIFF v MANCHESTER ELECTRIC

15. The Defendant hereby restates and incorporates herein by reference its responses to Paragraphs 1–14 of the Plaintiff's Complaint, as if fully set forth herein.

16. The Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. The Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

## COUNT III – BREACH OF EXPRESSED AND IMPLIED WARRANTIES
## PLAINTIFF v. MANCHESTER

21. The Defendant hereby restates and incorporates herein by reference its responses to Paragraphs 1–20 of the Plaintiff's Complaint, as if fully set forth herein.

22. The Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. The Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. The Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. The Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

## SECOND AFFIRMATIVE DEFENSE

The Defendant states that if the Plaintiff and/or the Plaintiff's insured was injured and damaged as alleged, which the Defendant denies, then such injuries were not caused

by the Defendant, or by any person or entity for which the Defendant is legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The Defendant states that should the Plaintiff prove that the Defendant was negligent, which the Defendant denies, then the Plaintiff and/or the Plaintiff's insured was negligent to a greater degree than the Defendant and, as such, the Plaintiff cannot recover under the theory of Comparative Negligence.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant states that the there was insufficiency of service of process and therefore this action should be dismissed as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant states that there was insufficiency of process and therefore this action should be dismissed as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant states that the Court lacks personal jurisdiction over the Defendant and therefore this action should be dismissed as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff has failed to state a claim upon which relief can be granted and therefore this action should be dismissed as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant states that if the Plaintiff suffered any injury or damage, which the Defendant denies, such injury or damage was caused by the intervening and superceding acts and/or admissions of parties other than the Defendant, which the Defendant could not have reasonably foreseen.

### NINTH AFFIRMATIVE DEFENSE

The Defendant states that the injuries alleged were caused in whole or in part by the Plaintiff's and/or the Plaintiff's insured's own negligence.

### TENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's claims are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff and/or the Plaintiff's insured has failed to mitigate its damages and therefore is not entitled to any recovery from the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant states that at the time of the alleged accident the Plaintiff and/or the Plaintiff's insured was guilty of a violation of the law which contributed to the alleged accident.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff and/or the Plaintiff's insured was negligent to such a degree that any recovery should be reduced by that amount under the theory of Comparative Negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences are barred by an absence of legal responsibility on the part of the Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

A necessary party under Rule 19 has not been joined.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of risks assumed by the Plaintiff and/or the Plaintiff's insured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred and/or limited in whole or in part by the Plaintiff's and/or the Plaintiff's insured's spoliation of the evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by laches.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the Statute of Frauds.

**TWENTIETH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged have been waived.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged have been the subject of a novation.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The venue of this action is improper.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The acts or omissions alleged by the Plaintiff were done with the actual or implied consent of the Plaintiff and/or the Plaintiff's insured.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the provisions of the contract, if any, negotiated by or on behalf of the Plaintiff's insured and The Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The Defendant states that it complied fully with any and all obligations that it had relative to work at the Plaintiff's insured's house.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The Defendant states that the Plaintiff's insured breached any contract with the Defendant, thereby excusing the Defendant from performance.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The Defendant states that the Court lacks subject matter jurisdiction over the Defendant and therefore this action should be dismissed as a matter of law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The Defendant states that the Plaintiff's claims are barred by the statute of repose.

**THE DEFENDANT, MANCHESTER ELECTRIC, LLC, HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THE PLAINTIFF'S COMPLAINT AND ON THE DEFENDANT'S AFFIRMATIVE DEFENSES.**

WHEREFORE, the Defendant, Manchester Electric, LLC, hereby prays that this Court do the following:

1. Enter judgment for Manchester Electric, LLC on all counts of the Plaintiff's Complaint;

2. Award Manchester Electric, LLC attorneys' fees and costs; and

3. Order any such other relief that the Court deems just.

Respectfully submitted,

DEFENDANT,
MANCHESTER ELECTRIC, LLC,

By its attorneys,

DAVIS, WHITE & SULLIVAN, LLC

/s/ Marc J. Tassone
_____
David A. White, Esq., BB0 # 551682
Marc J. Tassone, Esq., BBO # 635344
One Longfellow Place
Suite 3609
Boston, MA 02114
(617) 720-4060

Dated: 2/7/05

## CERTIFICATE OF SERVICE

    I, Marc J. Tassone, certify that on this day I forwarded a copy of the foregoing ANSWER AND JURY DEMAND OF THE DEFENDANT, MANCHESTER ELECTRIC, LLC, TO THE PLAINTIFF'S COMPLAINT, by first class mail, postage prepaid, to:

>Patrick Loftus, III
>LAW OFFICES OF
>PATRICK LOFTUS, III, ESQ.
>9 Park Street, Suite 500
>
>Peter G. Rossi, Esq.
>Hayes A. Hunt, Esq.
>COZEN O'CONNOR
>1900 Market Street
>Philadelphia, PA 19103

              /s/ Marc J. Tassone
              _____
              Marc J. Tassone

Dated: 2/7/05