UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10113 JLT

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br>    Plaintiff,<br><br>v.<br><br>MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER<br>P.O. Box 225<br>Manchester, Massachusetts 01944<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S, MANCHESTER ELECTRIC, LLC, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST MASSACHUSETTS ELECTRIC COMPANY**

The Defendant, Manchester Electric, LLC, hereby submits its Memorandum of Law in Support of its Motion for Leave to File Third-Party Complaint Against Massachusetts Electric Company.

In support of the Motion, Manchester Electric, LLC states as follows:

### I.     BACKGROUND

The Plaintiff, Great Northern Insurance Company, as Subrogee of Dr. Fritz Bach ("Great Northern"), has brought this action to recover sums paid to its insured, Dr. Fritz Bach, following a fire at a carriage house on Dr. Bach's property in Manchester, Massachusetts on October 16, 2002.

Great Northern claims that sometime prior to the fire Dr. Bach retained Manchester Electric, LLC to inspect the electrical system in Dr. Bach's carriage house. Great Northern claims that Manchester Electric, LLC failed to properly inspect the system and, in particular, failed to inspect, recommend the repair and/or repair the electrical service, including but not limited to an exterior junction box and the service thereto.

On October 16, 2002, a fire occurred at Dr. Bach's carriage house. Great Northern contends that the fire originated in the exterior junction box.

Manchester Electric LLC denies the Plaintiff's claims. It submits that it was retained by Dr. Bach 7-8 years prior to the fire to install electrical plugs within the carriage house. It maintains that Dr. Bach never requested an inspection of the entire electrical service and that the work it performed did not require any interaction with the exterior junction box. Manchester Electric LLC did not perform any further work on the carriage house prior to the fire.

On October 6, 2005 the parties deposed Philip Courci, a representative of Massachusetts Electric Company. Mr. Courci testified that Massachusetts Electric Company serviced the carriage house on May 6, 2002, just 5 months before the fire and performed work on the electrical service there, including changing the electrical meter. Mr. Courci also testified that Massachusetts Electric Company employees typically would make appropriate recommendations to a homeowner if it discovered any issues with respect to an electrical service, including but not limited to an exterior junction box and the service thereto. Apparently no such notification was provided to Dr. Bach.

On or about October 13, 2005 the Plaintiff filed a separate cause of action against Massachusetts Electric Company and brought essentially the same allegations against that company as it did against Manchester Electric LLC in this case.  The caption of that case is <u>Great Northern Insurance Company, as subrogee of Dr. Fritz Bach v. Massachusetts Electric Company</u>.  To date, Manchester Electric, LLC is not yet in possession of a docket number for that case.

## II.    ARGUMENT

**A.    THIS COURT SHOULD GRANT MANCHESTER ELECTRIC LLC LEAVE TO FILE THE THIRD-PARTY COMPLAINT AGAINST MASSACHUSETTS ELECTRIC COMPANY**

This Court should grant Manchester Electric LLC leave to file the Third-Party Complaint against Massachusetts Electric Company.

Rule 14(a) of the Federal Rules of Civil Procedure provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff."[1]

Manchester Electric LLC submits that if the cause of the subject fire in this case was the electrical service and/or an exterior junction box, then Massachusetts Electric Company, and not Manchester Electric, LLC, is responsible for the Plaintiff's damages

---

[1] Although Massachusetts Electric Company is a Massachusetts corporation, this Court would have jurisdiction over the claims asserted by Manchester Electric, LLC pursuant to 28 U.S.C. §1367(a), which provides in relevant part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

by failing to discover, inspect, repair and/or notify Dr. Bach of any problems with the electrical service, including but not limited to an exterior junction box and the service thereto.

Thus, if Manchester Electric LLC is found to be liable to the Plaintiff, which it denies, it is entitled to contribution and/or indemnity from Massachusetts Electric Company since that company, through the acts or omissions of its employees or anyone for whom it may be liable, contributed to and/or caused the accident.

The allowance of this Motion is in the interest of fairness and justice, and is not done to delay or impede the progression of this case. Impleading Massachusetts Electric Company at this time will not prejudice any party. Although depositions and written discovery have taken place, Massachusetts Electric Company will need a relatively short amount of time to get up to speed on this case, and it should not need to conduct any extensive duplicative discovery. Further, the prejudice to Manchester Electric LLC in not allowing this Motion greatly outweighs any other consideration that would favor denial of the Motion.

## CONCLUSION

WHEREFORE, the Defendant, Manchester Electric, LLC, respectfully requests that this Honorable Court allow the foregoing Motion and permit Manchester Electric, LLC to serve a Third-Party Complaint upon Massachusetts Electric Company.

Respectfully submitted,

DEFENDANT,
MANCHESTER ELECTRIC, LLC,

By its attorneys,

DAVIS, WHITE & SULLIVAN, LLC

/s/ Marc J. Tassone
_____
David A. White, Esq., BB0 # 551682
Marc J. Tassone, Esq., BBO # 635344
One Longfellow Place
Suite 3609
Boston, MA 02114
(617) 720-4060

Dated: 10/24/05

## CERTIFICATE OF SERVICE

I, Marc J. Tassone, certify that on this day I forwarded a copy of the foregoing DEFENDANT'S, MANCHESTER ELECTRIC, LLC, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT, by first class mail, postage prepaid, to:

Patrick Loftus, III
LAW OFFICES OF
PATRICK LOFTUS, III, ESQ.
9 Park Street, Suite 500

Peter G. Rossi, Esq.
Hayes A. Hunt, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103

/s/ Marc J. Tassone
_____
Marc J. Tassone

Dated: 10/24/05