UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10113 JLT

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br>    Plaintiff,<br><br>v.<br><br>MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER<br>P.O. Box 225<br>Manchester, Massachusetts 01944<br>    Defendant/Third-Party Plaintiff<br><br>v.<br><br>MASSACHUSETTS ELECTRIC COMPANY<br>55 Bearfoot Road<br>Northborough, Massachusetts<br>    Third-Party Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## THIRD-PARTY COMPLAINT

The Defendant/Third-Party Plaintiff, Manchester Electric, LLC, hereby complains of the Third-Party Defendant, Massachusetts Electric Company, and upon information and belief alleges the following:

## PARTIES

1. The Plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach ("Plaintiff"), is a subsidiary of Federal Insurance Company, Inc., a New Jersey corporation with a principal place of business located at 100 S. 5th Street, Suite

1800, Minneapolis, Minnesota and, at all relevant times, was authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. The Defendant/Third-Party Plaintiff, Manchester Electric, LLC, is a Massachusetts limited liability company with a principal place of business located at 69 Lincoln Street, Manchester-By-The-Sea, Massachusetts.

3. The Third-Party Defendant, Massachusetts Electric Company, is a Massachusetts corporation with a principal place of business located at 55 Bearfoot Road, Northborough, Massachusetts.

## JURISDICTION

4. Jurisdiction of this Court over the Plaintiff's claims against Manchester Electric, LLC was invoked by the Plaintiff pursuant to 28 U.S.C. §1332, by reason of diversity of citizenship of the parties.

5. Jurisdiction of this Court over the Third-Party claims is invoked pursuant to 28 U.S.C. §1367(a), by reason of this Court's exercise of supplemental jurisdiction over a claim that is so related to the Plaintiff's claim over Manchester Electric, LLC that it forms part of the same case or controversy.

## GENERAL ALLEGATIONS

6. The Plaintiff has brought this action to recover sums paid to its insured, Dr. Fritz Bach, following a fire at a carriage house on Dr. Bach's property in Manchester, Massachusetts on October 16, 2002.

7. Great Northern claims that sometime prior to the fire Dr. Bach retained Manchester Electric, LLC to inspect the electrical system in Dr. Bach's carriage house.

8. Great Northern claims that Manchester Electric, LLC failed to properly inspect the system and, in particular, failed to inspect, recommend the repair and/or repair the electrical service, including but not limited to an exterior junction box and the service thereto, at Dr. Bach's carriage house.

9. On October 16, 2002, a fire occurred at Dr. Bach's carriage house. Great Northern contends that the fire originated in the exterior junction box.

10. Manchester Electric, LLC denies the Plaintiff's claims.

11. Manchester Electric, LLC submits that it was retained by Dr. Bach 7-8 years prior to the fire to install electrical plugs within the carriage house.

12. Manchester Electric, LLC maintains that Dr. Bach never requested an inspection of the entire electrical service and that the work it performed did not require any interaction with the exterior junction box.

13. Manchester Electric, LLC did not perform any further work on the carriage house prior to the fire.

14. Massachusetts Electric Company serviced the carriage house on numerous occasions, the latest date prior to the fire being May 6, 2002, just 5 months before the fire.

15. On May 6, 2002 Massachusetts Electric Company performed work on the electrical service at the carriage house, including changing the electrical meter there.

16. On October 6, 2005 a representative of Massachusetts Electric Company testified that employees typically would make appropriate recommendations to a

        homeowner if it discovered any issues with respect to an electrical service, including but not limited to an exterior junction box and the service thereto.

17. Massachusetts Electric Company never provided any such notification to Dr. Bach.

18. On or about October 13, 2005 the Plaintiff filed a separate cause of action against Massachusetts Electric Company and brought essentially the same allegations against that company as it did against Manchester Electric, LLC in this case.

### COUNT I
### (Common Law Indemnity Against Massachusetts Electric Company)

19. Manchester Electric, LLC repeats and incorporates by reference Paragraphs 1-18, as if fully set forth herein.

20. Manchester Electric, LLC says that if the Plaintiff was injured as alleged in the Plaintiff's Complaint by Manchester Electric, LLC's acts and/or omissions, which Manchester Electric, LLC expressly denies, said injuries were the direct and proximate result of the acts and/or omissions of Massachusetts Electric Company, or anyone for whose acts it may be liable, in failing to discover, inspect, recommend the repair and/or repair the electrical service, including but not limited to an exterior junction box and the service thereto.

21. Manchester Electric, LLC was not in pari delicto with Massachusetts Electric Company, or anyone for whose acts it may be liable, and did not participate in the acts and/or omissions of Massachusetts Electric Company or anyone for whose acts it may be liable. The acts and/or omissions of Manchester Electric, LLC, if any, were constructive, while the acts and/or omissions of Massachusetts Electric Company, or anyone for whose acts it may be liable, were actual.

22. Manchester Electric, LLC, therefore, is entitled to be indemnified in full by Massachusetts Electric Company.

WHEREFORE, Manchester Electric, LLC demands judgment against Massachusetts Electric Company in the full amount of any sums it pays or is ordered to pay to the Plaintiff, together with interest, costs and attorneys' fees incurred both in defending the original action and in prosecuting this Third-Party Complaint.

## COUNT II
### (Contribution Against Massachusetts Electric Company)

23. Manchester Electric, LLC repeats and incorporates by reference Paragraphs 1-22, as if fully set forth herein.

24. The Plaintiff's damages, if any, were the direct and proximate result of the acts and/or omissions of Massachusetts Electric Company, or anyone for whose acts it may be liable, in failing to discover, inspect, recommend the repair and/or repair the electrical service, including but not limited to an exterior junction box and the service thereto. If Manchester Electric, LLC is liable to the Plaintiff, which Manchester Electric, LLC expressly denies, then Massachusetts Electric Company is jointly liable for the same damages. Manchester Electric, LLC, therefore, is entitled to contribution from Massachusetts Electric Company.

WHEREFORE, Manchester Electric, LLC, demands judgment against Massachusetts Electric Company in the full amount of any sums it pays or is ordered to pay to the Plaintiff, together with interest, costs and attorneys' fees incurred both in defending the original action and in prosecuting this Third-Party Complaint.

## **DEMAND FOR JURY TRIAL**

The Defendant/Third-Party Plaintiff, Manchester Electric, LLC, hereby demands a jury trial on all counts set forth in the Plaintiff's Complaint and on this Third-Party Complaint.

WHEREFORE, Manchester Electric, LLC hereby prays that this Court do the following:

1. Enter judgment for Manchester Electric, LLC on all counts of the Plaintiff's Complaint;

2. Enter judgment for Manchester Electric, LLC on all counts of its Third-Party Complaint;

4. Award Manchester Electric, LLC attorneys' fees and costs; and

5. Order any such other relief that the Court deems just.

Respectfully submitted,

DEFENDANT,
MANCHESTER ELECTRIC, LLC,

By its attorneys,

DAVIS, WHITE & SULLIVAN, LLC

/s/    Marc J. Tassone

David A. White, Esq., BB0 # 551682
Marc J. Tassone, Esq., BBO # 635344
One Longfellow Place
Suite 3609
Boston, MA 02114
(617) 720-4060

Dated: 11/14/05

## **CERTIFICATE OF SERVICE**

I, Marc J. Tassone, certify that on this day a copy of the foregoing THIRD-PARTY COMPLAINT, was electronically sent to:

>Patrick Loftus, III
>LAW OFFICES OF
>PATRICK LOFTUS, III, ESQ.
>9 Park Street, Suite 500
>
>Peter G. Rossi, Esq.
>Hayes A. Hunt, Esq.
>COZEN O'CONNOR
>1900 Market Street
>Philadelphia, PA 19103

>/s/ Marc J. Tassone
>_____
>Marc J. Tassone

Dated: 11/14/05