UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10113 JLT

| | |
|---|---|
| **GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH**<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br>    Plaintiff,<br><br>v.<br><br>**MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER**<br>P.O. Box 225<br>Manchester, Massachusetts 01944<br>    Defendant/Third-Party Plaintiff<br><br>v.<br><br>**MASSACHUSETTS ELECTRIC COMPANY**<br>55 Bearfoot Road<br>Northborough, Massachusetts<br>    Third-Party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S, MANCHESTER ELECTRIC, LLC, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

The Defendant, Manchester Electric, LLC, hereby submits its Memorandum of Law in support of its Motion to Consolidate the above-captioned matter with the case of <u>Great Northern Insurance Company, as Subrogee of Dr. Fritz Bach v. Massachusetts Electric Company</u>, Civil Action No.: 05-CA-12078-JLT.

In support of this Motion, Manchester Electric, LLC, states as follows:

I. **BACKGROUND**

The Plaintiff, Great Northern Insurance Company, as Subrogee of Dr. Fritz Bach ("Great Northern"), has brought the above-captioned matter to recover sums paid to its insured, Dr. Fritz Bach, following a fire at a carriage house on Dr. Bach's property in Manchester, Massachusetts on October 16, 2002. A copy of the Complaint in this case is attached as Exhibit A.[1]

Great Northern claims that sometime prior to the fire Dr. Bach retained Manchester Electric, LLC to inspect the electrical system in Dr. Bach's carriage house. Great Northern claims that Manchester Electric, LLC failed to properly inspect the system and, in particular, failed to inspect, recommend the repair and/or repair the electrical service, including but not limited to an exterior junction box and the service thereto.

On October 16, 2002, a fire occurred at Dr. Bach's carriage house. Great Northern contends that the fire originated in the exterior junction box.

Manchester Electric LLC denies the Plaintiff's claims. It submits that it was retained by Dr. Bach 7-8 years prior to the fire to install electrical plugs within the carriage house. It maintains that Dr. Bach never requested an inspection of the entire electrical service and that the work it performed did not require any interaction with the exterior junction box. Manchester Electric LLC did not perform any further work on the carriage house prior to the fire.

On October 6, 2005 the parties deposed Philip Courci, a representative of Massachusetts Electric Company. Mr. Courci testified that Massachusetts Electric

---

[1] The Exhibits to this Motion and Memorandum of Law will be sent under separate cover, as Manchester Electric, LLC is unable to format these documents to be sent electronically.

2

Company serviced the carriage house on May 6, 2002, just 5 months before the fire and performed work on the electrical service there, including changing the electrical meter.

Mr. Courci also testified that Massachusetts Electric Company employees typically would make appropriate recommendations to a homeowner if it discovered any issues with respect to an electrical service, including but not limited to an exterior junction box and the service thereto. Apparently no such notification was provided to Dr. Bach.

On or about October 13, 2005 the Plaintiff filed a separate cause of action against Massachusetts Electric Company and brought essentially the same allegations against that company as it did against Manchester Electric LLC in this case. The caption of that case is Great Northern Insurance Company, as subrogee of Dr. Fritz Bach v. Massachusetts Electric Company, Civil Action No.: 05-CA-12078-JLT. A copy of the Complaint in that case is attached as Exhibit B.

## II.     ARGUMENT

A.     **THIS COURT SHOULD ALLOW THE MOTION TO CONSOLIDATE**

This Court should allow the Motion to Consolidate.

Pursuant to Fed.R.Civ.P. 42, this Court may order the consolidation of pending actions "involving a common question of law or fact." "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." Seguro de Servicio de Salud v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989) (citations omitted); accord New England Energy, Inc. v. Keystone Shipping Co., 855 F.2d 1, 7 (1st

Cir. 1988), cert. denied, 489 U.S. 1077, 103 L. Ed. 2d 832, 109 S. Ct. 1527 (1989); <u>Town of Norfolk, et. al. v. Metropolitan District Commission, et. al.</u>, 134 F.R.D. 20, 21; 1991 U.S. Dist. LEXIS 2618, *3 (D. Mass. 1991).

Here, the threshold question of commonality of fact and law clearly is satisfied. In separate lawsuits, the Plaintiff has asserted the same claims against Manchester Electric, LLC and Massachusetts Electric Company, alleging separately that both of them are responsible for the fire at Dr. Bach's house. Further, this Court previously allowed Manchester Electric, LLC to file a Third-Party Complaint against Massachusetts Electric Company in this case, as a result of that company's work at Dr. Bach's house just five (5) months before the fire. As such, Massachusetts Electric Company is a party in both cases.

It is clear that the same factual and legal issues that the parties have encountered in this case will be the subject of the Plaintiff's other lawsuit filed against Massachusetts Electric Company. Therefore, there are common questions of fact and law between the two cases that warrant consolidation.

As noted above, once this Court determines that this issue of commonality is made, the Court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate. <u>See</u>, <u>supra</u>. Here, the costs and benefits of consolidation clearly weigh in favor of such a procedure. By consolidating these cases, the parties can avoid duplicative discovery, avoid unnecessary costs and limit the amount of resources expended in prosecuting/defending the suits, and work toward the resolution of one case, as opposed to two. In addition, this Court can save time and

resources by managing the progression of just one case. Therefore, this Court should exercise its discretion and consolidate these cases.

## **CONCLUSION**

WHEREFORE, the Defendant, Manchester Electric, LLC, respectfully requests that this Honorable Court allow the foregoing Motion and consolidate the above-captioned matter with the case of <u>Great Northern Insurance Company, as Subrogee of Dr. Fritz Bach v. Massachusetts Electric Company</u>, Civil Action No.: 05-CA-12078-JLT.

        Respectfully submitted,

        DEFENDANT,
        MANCHESTER ELECTRIC, LLC,

        By its attorneys,

        DAVIS, WHITE & SULLIVAN, LLC

        /s/ Marc J. Tassone
        _____
        David A. White, Esq., BB0 # 551682
        Marc J. Tassone, Esq., BBO # 635344
        One Longfellow Place
        Suite 3609
        Boston, MA 02114
        (617) 720-4060

Dated: <u>12/6/05</u>

**CERTIFICATE OF SERVICE**

      I, Marc J. Tassone, certify that on this day a copy of the foregoing DEFENDANT'S, MANCHESTER ELECTRIC, LLC, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CONSOLIDATE, was electronically sent to:

>Patrick Loftus, III
>LAW OFFICES OF
>PATRICK LOFTUS, III, ESQ.
>9 Park Street, Suite 500
>Boston, MA 02108
>
>Peter G. Rossi, Esq.
>Hayes A. Hunt, Esq.
>COZEN O'CONNOR
>1900 Market Street
>Philadelphia, PA 19103

And was sent by first class mail, postage prepaid, to:

>Francis J. Sally, Esq.
>SALLY & FITCH, LLP
>225 Franklin Street
>Boston, MA 02110

                                        /s/ Marc J. Tassone
                                        _____
                                        Marc J. Tassone

Dated: 12/6/05