UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10113 JLT

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br>    Plaintiff,<br><br>v.<br><br>MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER<br>P.O. Box 225<br>Manchester, Massachusetts 01944<br>    Defendant/Third-Party Plaintiff<br><br>v.<br><br>MASSACHUSETTS ELECTRIC COMPANY<br>55 Bearfoot Road<br>Northborough, Massachusetts<br>    Third-Party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**APPENDIX TO MANCHESTER ELECTRIC, LLC'S
MOTION TO CONSOLIDATE**

DEFENDANT,
MANCHESTER ELECTRIC, LLC,

By its attorneys,

DAVIS, WHITE & SULLIVAN, LLC

*/s/ David A. White*
David A. White, Esq., BBO # 551682
Marc J. Tassone, Esq., BBO # 635344
One Longfellow Place
Suite 3609
Boston, MA 02114
(617) 720-4060

Dated: 12/6/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br><br>Plaintiff<br><br>v.<br><br>MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER<br><br>P.O. Box 225<br>Manchester, Massachusetts 01944<br><br>Defendant | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED<br><br>COPY<br><br>05 10113 JLT |

## COMPLAINT

Plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, by and through its attorneys, Patrick Loftus, III, Esquire of the Law Offices of Patrick Loftus III and Peter G. Rossi of Cozen O'Connor, complain of the defendant, Manchester Electric, LLC a/k/a Manchester Electric Company, herein, and allege upon information and belief as follows:

## PARTIES

1. Plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, (hereinafter referred to as "Great Northern"), is a subsidiary of Federal Insurance Company, Inc. of Warren, New Jersey, with its principal place of business located at 100 S. 5th Street, Suite 1800, Minneapolis, Minnesota and, at all times relevant hereto, was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant, Manchester Electric, LLC a/k/a Manchester Electric Company, (hereinafter referred to as "Manchester"), is a company duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 67 Lincoln Street, Manchester, Massachusetts, and, at all times relevant hereto, was engaged in the business of installing, inspecting and repairing residential electrical circuitry and related wiring.

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1332, by reason of diversity of citizenship of the parties.

4. This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 and venue is proper in the United States District Court for the District of Massachusetts pursuant to the provisions of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. Prior to October 16, 2002, defendant, Manchester, entered into a contract with Dr. Fritz Bach, (hereinafter referred to as "Bach"), to conduct *inter alia*, a full inspection of the electrical system including an exterior electrical junction box at the property located at 6-8 Blossom Lane, Manchester-By-The-Sea, Massachusetts (hereinafter referred to as the "Subject Premises") which was at all times material hereto owned by Bach.

6. Manchester agreed to complete the electrical inspection and ensure that the existing electrical circuitry and related wiring complied with all local codes, industry standards and requirements and was safe.

7. On or about October 16, 2002, a fire (hereinafter referred to as the "Subject Fire") occurred at the Subject Premises as a result of an electrical failure in an exterior electrical junction box and related service wiring which spread from the area of the junction box to other portions of the property.

8. As a direct and proximate result of the subject fire, Bach suffered severe and extensive damage to his real and personal property in an amount in excess of $589,000.00.

9. At all times relevant hereto, Great Northern insured Bach's real and personal property pursuant to policy number 11076658-01.

10. As a result of the subject fire, Great Northern made payments to Bach in excess of $589,000.00.

11. As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Great Northern is subrogated to the rights, causes of action and claims of Bach against Manchester as alleged herein.

## COUNT I – NEGLIGENCE
## PLAINTIFF v MANCHESTER ELECTRIC

12. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through eleven (11) as though each were fully set forth at length herein.

13. The fire and resultant damages sustained by Bach, as referred to above, were caused by the negligence, carelessness, recklessness and negligent acts and/or omissions of defendant, Manchester, its agents, servants, and/or employees acting within the scope of their employment as set forth below:

   a. failing to inspect properly the electrical systems at the Subject Property which, if properly inspected, would have revealed a dangerous and hazardous condition;

3

    b.    improperly inspecting the exterior electrical service junction box and related wiring at the subject premises, which defendant knew or should have known created an unreasonable risk of harm to Bach's property;

    c.    failing to repair the exterior electrical service box and related wiring at the subject premises.

    d.    violating codes, standards and industry requirements for the inspection of electrical systems and related wiring at the subject premises;

    e.    advising Bach that the electrical systems at the Subject Property was safe and in compliance with all applicable codes and standards;

    f.    failing to advise and warn Bach of the deteriorated condition of the electrical service junction box and related wiring;

    g.    conducting its inspections in a negligent and careless manner;

    h.    failing to hire, train and supervise qualified personnel to inspect and test the electrical systems at the subject premises including, but not limited to, the exterior electrical service junction box and related wiring;

    i.    otherwise failing to use due care and skill under the circumstances in ways that may be further disclosed during the course of discovery.

14. As a direct and proximate result of Manchester's negligence, the subject fire referred to above occurred and spread, resulting in damage and destruction to Bach's real and personal property, in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

### COUNT II – BREACH OF CONTRACT
### PLAINTIFF v. MANCHESTER ELECTRIC

15. Plaintiffs incorporate by reference the allegations contained in paragraphs one (1) through fourteen (14) above as though each were fully set forth at length herein.

16. At all times relevant hereto, Bach entered into a agreement with Manchester to inspect the electrical systems and related wiring at the Subject Premises and insure that they were safe and in compliance with codes and standards.

4

17. Manchester agreed, *inter alia*, to perform the electrical inspection in a workmanlike, reasonable and proper manner in accordance with safe methods and practices recognized by the industry.

18. Upon information and belief, Manchester breached its obligations by failing to perform the electrical inspection properly and in accordance with all applicable codes, standards and other industry guidelines or in a workmanlike manner in accordance with its obligation.

19. Upon information and belief, Manchester breached its obligations by advising Bach that the electrical systems at the Subject Premises were safe and complied with applicable codes and standards.

20. As a direct and proximate result of Manchester's breach of contract, the subject fire resulted in damage to Bach's real and personal property, in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

### COUNT III - BREACH OF EXPRESSED AND IMPLIED WARRANTIES
### PLAINTIFF v. MANCHESTER

21. Plaintiff hereby incorporates by reference the averments of paragraphs one (1) through twenty (20) above, as though fully set forth herein.

22. Defendant Manchester expressly and impliedly warranted to Bach that the subject inspection would be performed and conducted in a professional, safe and workmanlike manner and in accordance with all applicable rules, regulations, ordinances, codes, statutes, and/or industry standards.

23. Manchester warranted that the electrical systems at the Subject Premises were safe and in compliance with the requisite codes and standards.

24. Defendant Manchester breached its expressed and implied warranties by failing to perform the subject inspection in a professional, safe and workmanlike fashion and advising

5

Bach that the electrical systems at the Subject Premises were safe and in compliance with codes and standards..

25. As a direct and proximate result of the foregoing breach of expressed and implied warranties, Bach sustained damage to his real and personal property in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

WHEREFORE, plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, demands that judgment be entered in its favor and against defendant, Manchester Electric, LLC a/k/a Manchester Electric Company, for a just and adequate compensation for its damages, together with interest, attorney's fees, and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

LAW OFFICES OF PATRICK LOFTUS, III

BY: _____
PATRICK LOFTUS, III, ESQUIRE
9 Park Street, Suite 500
Boston, MA 02108
(616) 723-7770

OF COUNSEL:

PETER G. ROSSI, ESQUIRE
COZEN O'CONNOR
1900 Market Street
The Atrium
Philadelphia, PA 19103
(215) 665-4734
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br><br>Plaintiff<br><br>v.<br><br>MASSACHUSETTS ELECTRIC COMPANY<br>55 Bearfoot Road<br>Northborough, Massachusetts<br><br>Defendant | CASE NO. 05-CA-12078-JLT<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, by and through its attorneys, Patrick Loftus, III, Esquire of the Law Offices of Patrick Loftus, III and Peter G. Rossi of Cozen O'Connor, complains of the defendant, Massachusetts Electric Company, herein, and alleges upon information and belief as follows:

## PARTIES

1. Plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, (hereinafter referred to as "Great Northern"), is a subsidiary of Federal Insurance Company, Inc. of Warren, New Jersey, with its principal place of business located at 100 S. 5th Street, Suite 1800, Minneapolis, Minnesota and, at all times relevant hereto, was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant, Massachusetts Electric Company, (hereinafter referred to as "Massachusetts Electric"), is a company duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 55 Bearfoot Road, Northborough, Massachusetts, and, at all times relevant hereto, was engaged in the business of providing, inspecting and/or monitoring the supply of electrical energy and/or related electrical circuitry and wiring.

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1332, by reason of diversity of citizenship of the parties.

4. This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 and venue is proper in the United States District Court for the District of Massachusetts pursuant to the provisions of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. Prior to October 16, 2002, defendant, Massachusetts Electric, entered into a contract with Dr. Fritz Bach, (hereinafter referred to as "Bach"), to provide electrical energy to the property located at 6-8 Blossom Lane, Manchester-By-The-Sea, Massachusetts (hereinafter referred to as the "Subject Premises") which was at all times material hereto owned by Bach.

6. Prior to October 16, 2002, Manchester Electric Company, an electrical service provider/utility, installed an exterior electrical junction box and related electrical service wiring at the Subject Premises.

7. Following Manchester Electric Company's installation work, as described above, Massachusetts Electric purchased Manchester Electric Company and, upon information and belief, acquired all assets and liability of Manchester Electric Company.

2

8. Prior to October 16, 2002, defendant, Massachusetts Electric, frequently visited the Subject Premises in order to provide adequate and safe electrical energy and related electrical distribution systems as well as monitor the electrical service to the Subject Premises.

9. On May 6, 2002, an employee of Massachusetts Electric changed the electrical meter at the Subject Premises that was connected and/or related to the electrical service and related electrical distribution systems at the Subject Premises.

10. On or about October 16, 2002, a fire (hereinafter referred to as the "Subject Fire") occurred at the Subject Premises as a result of an electrical failure in an exterior electrical junction box and related service wiring which spread from the area of the junction box to other portions of the property.

11. As a direct and proximate result of the Subject Fire, Bach suffered severe and extensive damage to his real and personal property in an amount in excess of $589,000.00.

12. At all times relevant hereto, Great Northern insured Bach's real and personal property pursuant to policy number 11076658-01.

13. As a result of the Subject Fire, Great Northern made payments to Bach in excess of $589,000.00.

14. As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Great Northern is subrogated to the rights, causes of action and claims of Bach against Massachusetts Electric as alleged herein.

## COUNT I – NEGLIGENCE
## PLAINTIFF v MASSACHUSETTS ELECTRIC

15. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through fourteen (14) as though each were fully set forth at length herein.

16. The Subject Fire and resultant damages sustained by Bach, as referred to above, were caused by the negligence, carelessness, recklessness and negligent acts and/or omissions of

defendant, Massachusetts Electric, its agents, servants, and/or employees acting within the scope of their employment as set forth below:

    a.    failing to properly install the electrical systems at the subject property which, if properly installed, would have not created a dangerous and hazardous condition;

    b.    improperly installing the exterior electrical junction box and related wiring at the Subject Premises, which defendant knew or should have known created an unreasonable risk of harm to Bach's property;

    c.    failing to repair and/or recommend the repair of the exterior electrical junction box and related wiring at the Subject Premises.

    d.    failing to install a weatherproof exterior electrical junction box at the Subject Premises;

    e.    failing to recommend to Bach that a weatherproof exterior electrical junction box should be installed at the Subject Premises;

    f.    improperly installing, repairing and/or maintaining the exterior electrical junction box at the Subject Premises;

    g.    violating codes, standards and industry requirements for the installation and inspection of the electrical systems including, but not limited to, the exterior electrical junction box, and related wiring at the Subject Premises;

    h.    failing to identify and/or notice the deteriorated condition of the exterior electrical junction box and related wiring;

    i.    failing to advise and/or warn Bach of the deteriorated condition of the exterior electrical junction box and related wiring;

    j.    conducting its installation work and/or inspections in a negligent and careless manner;

    k.    failing to hire, train and supervise qualified personnel to install, inspect and test the electrical systems at the Subject Premises including, but not limited to, the exterior electrical junction box and related wiring;

    l.    otherwise failing to use due care and skill under the circumstances in ways that may be further disclosed during the course of discovery.

17.    As a direct and proximate result of Massachusetts Electric's negligence, the Subject Fire referred to above occurred and spread, resulting in damage and destruction to

Bach's real and personal property, in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

### COUNT II – BREACH OF CONTRACT
### PLAINTIFF v. MASSACHUSETTS ELECTRIC

18. Plaintiffs incorporate by reference the allegations contained in paragraphs one (1) through seventeen (17) above as though each were fully set forth at length herein.

19. At all times relevant hereto, Bach entered into a agreement with Massachusetts Electric to provide safe and adequate service and related electrical systems to the Subject Premises and insure that the electrical service and related electrical systems were safe and in compliance with codes and standards.

20. Massachusetts Electric agreed, *inter alia*, to provide the electrical service and related electrical systems in a workmanlike, reasonable and proper manner in accordance with safe methods and practices recognized by the industry.

21. Upon information and belief, Massachusetts Electric breached its obligations by failing to provide electrical service and related electrical systems properly and in accordance with all applicable codes, standards and other industry guidelines or in a workmanlike manner in accordance with its obligation.

22. Upon information and belief, Massachusetts Electric breached its obligations by providing Bach with electrical service and related electrical systems at the Subject Premises which were not safe and failed to comply with applicable codes and standards.

23. As a direct and proximate result of Massachusetts Electric's breach of contract, the Subject Fire resulted in damage to Bach's real and personal property, in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

### COUNT III - BREACH OF EXPRESSED AND IMPLIED WARRANTIES
### PLAINTIFF v. MASSACHUSETTS ELECTRIC

24. Plaintiff hereby incorporates by reference the averments of paragraphs one (1) through twenty three (23) above, as though fully set forth herein.

25. Defendant Massachusetts Electric expressly and impliedly warranted to Bach that the electrical service and related electrical systems would be provided in a professional, safe and workmanlike manner and in accordance with all applicable rules, regulations, ordinances, codes, statutes, and/or industry standards.

26. Massachusetts Electric warranted that the electrical service and related electrical systems at the Subject Premises were safe and in compliance with the requisite codes and standards.

27. Defendant Massachusetts Electric breached its expressed and implied warranties by failing to provide electrical service and related electrical systems in a professional, safe and workmanlike fashion and providing electrical service and related electrical systems at the Subject Premises which were not safe and failed to comply with codes and standards..

28. As a direct and proximate result of the foregoing breach of expressed and implied warranties, Bach sustained damage to his real and personal property in an amount in excess of Five Hundred Eighty Nine Thousand Dollars ($589,000.00).

WHEREFORE, plaintiff, Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, demands that judgment be entered in its favor and against defendant, Massachusetts Electric Company, for a just and adequate compensation for its damages together with interest

and the costs of prosecuting this action, and other relief the Court deems necessary and just and proper under the law.

Dated: October 13, 2005

                Respectfully submitted,

                LAW OFFICES OF PATRICK LOFTUS, III

         BY: /s/Patrick J. Loftus, III
            PATRICK LOFTUS, III, ESQUIRE
            9 Park Street, Suite 500
            Boston, MA 02108
            (616) 723-7770

OF COUNSEL:

PETER G. ROSSI, ESQUIRE
COZEN O'CONNOR
1900 Market Street
The Atrium
Philadelphia, PA 19103
(215) 665-4734
Attorneys for Plaintiff

PHILA1\2357789\2 130683.000