UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY as subrogee of DR. FRITZ BACH, | ) ) ) | Case No.:  1:05-cv-10113-JLT |
| Plaintiff | ) ) | |
| v. | ) ) | |
| MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER, Defendant/Third-Party Plaintiff | ) ) ) ) | |
| v. | ) ) | |
| MASSACHUSETTS ELECTRIC COMPANY, Third-Party Defendant | ) ) ) | |

## ANSWER OF THIRD-PARTY DEFENDANT MASSACHUSETTS ELECTRIC COMPANY TO DEFENDANT/THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT

Third-Party Defendant Massachusetts Electric Company ("MEC") answers the Third-Party Complaint of Defendant/Third-Party Plaintiff Manchester Electric, LLC a/k/a Manchester ("Manchester") in numbered paragraphs corresponding to the numbered paragraphs of the Third-Party Complaint as follows:

1.      MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third-Party Complaint, and therefore denies same.

2.      MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third-Party Complaint, and therefore denies same.

3.      MEC admits that it is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts

## JURISDICTION

4.    MEC restates and incorporates herein by reference its responses to paragraphs 1 and 2 of the Third-Party Complaint.  MEC is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 4 of the Third-Party Complaint, and therefore denies same.

5.    MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third-Party Complaint, and therefore denies same.

## GENERAL ALLEGATIONS

6.    MEC states that Plaintiff's Complaint speaks for itself, and therefore no response from MEC is required.  To the extent that a response is required, MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Third-Party Complaint, and therefore denies same.

7.    MEC states that Plaintiff's Complaint speaks for itself, and therefore no response from MEC is required.  To the extent that a response is required, MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third-Party Complaint, and therefore denies same.

8.    MEC states that Plaintiff's Complaint speaks for itself, and therefore no response from MEC is required.  To the extent that a response is required, MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third-Party Complaint, and therefore denies same.

9.    MEC admits that on or about October 16, 2002, a fire occurred at the property located at 6-8 Blossom Lane, Manchester-By-the-Sea.  MEC is without sufficient information to form a belief as to whether "Dr. Bach's carriage house" refers to the above-referenced address, and therefore denies same.  With regard to the remaining allegations set forth in paragraph 9 of the Third-Party Complaint, MEC states that Plaintiff's Complaint speaks for itself, and therefore

2

no response from MEC is required.  To the extent that a response is required, MEC is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Third-Party Complaint, and therefore denies same.

10.    Paragraph 10 appears to contain a response by Third-Party Plaintiff to allegations set forth by Plaintiff in Plaintiff's Complaint, and therefore no response is required by MEC to paragraph 10 of the Third-Party Complaint.  To the extent a response is required, MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Third-Party Complaint, and therefore denies same.

11.    MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third-Party Complaint, and therefore denies same.

12.    MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Third-Party Complaint, and therefore denies same.

13.    MEC is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Third-Party Complaint, and therefore denies same.

14.    MEC admits that at times employees visited the property located at 6-8 Blossom Lane, Manchester-By-the-Sea.  MEC is without information sufficient to form a belief as to whether "the carriage house" referenced in paragraph 14 refers to the above-referenced address, and therefore denies the allegations set forth in paragraph 14 that it "serviced the carriage house."  MEC objects to the use of the word "serviced."  MEC admits that it visited 6-8 Blossom Lane on or about May 6, 2002 to change the electrical meter.  MEC is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Third-Party Complaint, and therefore denies same.

15.    MEC admits that on or about May 6, 2002, an employee of MEC changed the electrical meter at the property located at 6-8 Blossom Lane, Manchester-By-the-Sea.  MEC restates and incorporates herein by reference its responses to paragraph 9 and 14 of the Third-

Party Complaint, concerning "the carriage house." MEC denies the remaining allegations set forth in paragraph 15 of the Third-Party Complaint.

16.    MEC admits that a MEC representative testified at a deposition on October 6, 2005. MEC denies the remaining allegations set forth in paragraph 16 of the Third-Party Complaint.

17.    MEC admits that it did not notify Dr. Bach that it was aware of issues regarding the electrical service to 6-8 Blossom Lane.

18.    MEC admits that on or about October 13, 2005, Plaintiff Great Northern Insurance Company, as subrogee of Dr. Fritz Bach, filed a separate cause of action against MEC. With regard to the remaining allegations set forth in paragraph 18, MEC states that Plaintiff's Complaints in this action and the separate action referenced in paragraph 18, speak for themselves.

## COUNT I

19.    MEC restates and incorporates herein by reference its responses to paragraphs 1 through 18 of the Third-Party Complaint.

20.    MEC denies any and all allegations set forth in paragraph 20 of the Third-Party Complaint.

21.    MEC denies any and all allegations set forth in paragraph 21 of the Third-Party Complaint.

22.    No response is required to paragraph 22 of the Third-Party Complaint, which asserts a legal conclusion. To the extent a response is required, MEC denies any and all allegations set forth in paragraph 22 of the Third-Party Complaint.

The "WHEREFORE" clause following paragraph 22 of the Third-Party Complaint constitutes a prayer for relief to which no response is required. To the extent a response is required, MEC denies that Third-Party Plaintiff is entitled to any relief of any nature from MEC.

## COUNT II

23.     MEC restates and incorporates herein by reference its responses to paragraphs 1 through 22 of the Third-Party Complaint.

24.     MEC denies any and all allegations set forth in paragraph 24 of the Third-Party Complaint.

The "WHEREFORE" clause following paragraph 24 of the Third-Party Complaint constitutes a prayer for relief to which no response is required.  To the extent a response is required, MEC denies that Third-Party Plaintiff is entitled to any relief of any nature from MEC.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

If Plaintiff's subrogor was injured as alleged, which is expressly denied, subrogor's damages were in no way caused by any conduct by or omission of MEC or any person acting with, through, or under MEC, or by any person for whose conduct or negligence MEC is legally responsible or answerable, and Third-Party Plaintiff can recover nothing therefor.

## SECOND AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff's subrogor was damaged as alleged, which is expressly denied, subrogor's damages were not caused by MEC or any person acting with, through, or under MEC, or by any person for whose conduct MEC is legally responsible or answerable, and Third-Party Plaintiff can recover nothing therefor.

## FOURTH AFFIRMATIVE DEFENSE

All activities of MEC were proper and lawful, and were undertaken and conducted pursuant to appropriate legislative and regulatory authority.

## FIFTH AFFIRMATIVE DEFENSE

The electrical lines at issue in this case were properly installed, maintained, guarded and protected, and therefore Plaintiff can recover nothing.

## SIXTH AFFIRMATIVE DEFENSE

At all relevant times, MEC exercised reasonable care.

## SEVENTH AFFIRMATIVE DEFENSE

If MEC was negligent at all (which it expressly denies), such negligence was not the proximate cause of Plaintiff's subrogor's alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred because the alleged damages to Plaintiff's subrogor are due to the intervening and/or superseding negligence, or other acts or omissions of third persons or entities for whose conduct MEC is not legally responsible.

## NINTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, laches, waiver and/or release.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff's subrogor was harmed by any act or failure to act on part of MEC, which is expressly denied, Plaintiff's subrogor assumed the risk of such harm.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff's subrogor was injured as alleged, which is expressly denied, subrogor's damages were caused in whole or in part by his own negligence and failure to exercise the degree of care reasonably required under the existing circumstances, and Third-Party Plaintiff can recover nothing therefor.

## TWELFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is barred from recovery because Plaintiff's subrogor's negligence is greater than that of any person or persons from whom Plaintiff or Third-Party Plaintiff seeks recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff's subrogor was injured as alleged, which is expressly denied, his damages were caused in whole or in part by his own contributory negligence and the damages, if any, recovered by Third-Party Plaintiff from MEC should be reduced in proportion to Plaintiff's subrogor's negligence.

## JURY DEMAND

Third-Party Defendant Massachusetts Electric Company demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Massachusetts Electric Company respectfully requests that this Court:

1.    Dismiss Third-Party Plaintiff's Third-Party Complaint in its entirety;

2.    Enter judgment in favor of the Third-Party Defendant;

3.    Award Third-Party Defendant its costs and reasonable attorneys' fees; and

4.    Award Third-Party Defendant such other and further relief as is just.

Respectfully submitted,
MASSACHUSETTS ELECTRIC COMPANY,

By its attorneys,

_____/s/ Francis J. Sally_____
Francis J. Sally, BBO #439100
Elizabeth J. Koenig, BBO #647122
Sally & Fitch LLP
225 Franklin Street
Boston, MA 02110
Dated: December 21, 2005          (617) 542-5542

7