UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10113 JLT

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of DR. FRITZ BACH<br>100 S. 5th Street, Suite 1800<br>Minneapolis, Minnesota 55402<br>    Plaintiff,<br><br>v.<br><br>MANCHESTER ELECTRIC, LLC, a/k/a MANCHESTER<br>P.O. Box 225<br>Manchester, Massachusetts 01944<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION TO AMEND DISCOVERY PLAN

The parties to this case hereby move this Honorable Court to amend the discovery plan previously approved by the Court on April 20, 2005. The parties request that the discovery plan be amended so that the new deadlines will be as follows:

| | |
|---|---|
| May 26, 2006 | Fact discovery completed |
| June 26, 2006 | Expert reports due from Massachusetts Electric Company and Supplemental Reports due from Plaintiff and Manchester Electric, LLC |
| August 28, 2006 | Expert Depositions Completed |
| September 26, 2006 | All Dispositive Motions Filed |
| October 26, 2006 | Mediation Completed |
| October 26, 2006 | Final Pretrial Conference |
| November 26, 2006 | Jury Trial |

In support of this Joint Motion, the parties state as follows:

1. The Plaintiff, Great Northern Insurance Company, as Subrogee of Dr. Fritz Bach ("Great Northern"), has brought the above-captioned matter to recover sums paid to its insured, Dr. Fritz Bach, following a fire at a carriage house on Dr. Bach's property in Manchester, Massachusetts on October 16, 2002.

2. Great Northern claims that sometime prior to the fire Dr. Bach retained Manchester Electric, LLC to inspect the electrical system in Dr. Bach's carriage house. Great Northern claims that Manchester Electric, LLC failed to properly inspect the system and, in particular, failed to inspect, recommend the repair and/or repair the electrical service, including but not limited to an exterior junction box and the service thereto.

3. On October 16, 2002, a fire occurred at Dr. Bach's carriage house. Great Northern contends that the fire originated in the exterior junction box.

4. Manchester Electric LLC denies the Plaintiff's claims.

5. On or about October 13, 2005 the Plaintiff filed a separate cause of action against Massachusetts Electric Company and brought essentially the same allegations against that company as it did against Manchester Electric LLC in this case. The caption of that case is <u>Great Northern Insurance Company, as subrogee of Dr. Fritz Bach v. Massachusetts Electric Company</u>, Civil Action No.: 05-CA-12078-JLT.

6. On or about October 26, 2004, Manchester Electric, LLC moved this Court for leave to file a Third-Party Complaint against Massachusetts

        Electric Company. The Court allowed the Motion and the Third-Party Complaint was filed on or about November 14, 2005. Massachusetts Electric Company has filed an Answer to the Third-Party Complaint.

7. On or about December 6, 2005, Manchester Electric, LLC moved this Court to consolidate this case with the case of <u>Great Northern Insurance Company, as subrogee of Dr. Fritz Bach v. Massachusetts Electric Company</u>, Civil Action No.: 05-CA-12078-JLT. No oppositions were filed, and the Motion still is pending.

8. Since the Initial Scheduling Conference, Great Northern and Manchester Electric, LLC have diligently conducted discovery. The depositions of a number of fact witnesses have been completed and these parties have exchanged expert reports.

9. The parties need additional time to complete important discovery.

10. The addition of Massachusetts Electric Company to this case will necessitate some discovery by and from that Defendant, including some written discovery to that Defendant by the Plaintiff and Manchester Electric, LLC, and possibly additional depositions.

11. Further, Massachusetts Electric Company will need time to review the extensive discovery that has taken place to date and to submit expert reports.

12. The discovery by and between Massachusetts Electric Company may yield additional important discovery.

13. The parties believe they can complete all discovery within the time frame sought by this Motion, and they submit that this discovery is necessary prior to any meaningful settlement discussions.

14. Finally, the allowance of this Motion is in the interest of justice and will not substantially impede the progression of this case.

WHEREFORE, the parties respectfully request that this Court allow this Motion and amend the discovery plan as set forth above.

| PLAINTIFF, | DEFENDANT, |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, AS SUBROGEE OF DR. FRITZ BACH, | MANCHESTER ELECTRIC, LLC, |
| By its attorneys, | By its attorneys, |
| LAW OFFICES OF PATRICK LOFTUS, III, ESQ. | DAVIS, WHITE & SULLIVAN, LLC |
| /s/ Patrick Loftus, III | /s/ Marc J. Tassone |
| Patrick Loftus, III, Esq., BBO # 9 Park Street Suite 500 Boston, MA 02108 (617) 723-7770 | David A. White, Esq., BBO # 551682 Marc J. Tassone, Esq., BBO # 635344 One Longfellow Place Suite 3609 Boston, MA 02114 (617) 720-4060 |
| Dated: 1/13/06 | Dated: 1/13/06 |

4

THIRD-PARTY DEFENDANT,

MASSACHUSETTS ELECTRIC CO.

By its attorneys,

SALLY & FITCH LLP

/s/  Francis J. Sally

———————————————
Francis J. Sally, Esq., BBO # 439100
Elizabeth J. Koenig, Esq., BBO # 647122
225 Franklin Street
Boston, MA 02110
(617) 542-5542

Dated:  1/13/06


Of counsel (Plaintiff):

/s/ Peter G. Rossi

———————————————
Peter G. Rossi, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-4734

Dated:  1/13/06

5

## CERTIFICATE OF SERVICE

I, Marc J. Tassone, certify that on this day the foregoing JOINT MOTION TO AMEND DISCOVERY PLAN, was sent by way of electronic mail, to:

>Patrick Loftus, III
>LAW OFFICES OF
>PATRICK LOFTUS, III, ESQ.
>9 Park Street, Suite 500

>Peter G. Rossi, Esq.
>COZEN O'CONNOR
>1900 Market Street
>Philadelphia, PA 19103

>Francis J. Sally, Esq.
>Elizabeth J. Koenig, Esq.
>SALLY & FITCH LLP
>225 Franklin Street
>Boston, MA 02110

>/s/ Marc J. Tassone
>_____
>Marc J. Tassone

Dated: 1/13/06